# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**DERRICK WILLIAMS**
**Claimant Below, Petitioner**

**FILED**

February 13, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 19-0184** (BOR Appeal No. 2053361)
                (Claim No. 2017010287)

**CITY OF CHARLESTON,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Derrick Williams, by Counsel Patrick K. Maroney, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The City of Charleston, by Counsel James W. Heslep, filed a timely response.

The issue on appeal is medical treatment of compensable injuries. On February 17, 2017, the claims administrator denied payment of billings for a hernia repair from Thomas Memorial Hospital. The Workers' Compensation Office of Judges ("Office of Judges") reversed the claims administrator's decision and authorized payment by Order dated September 6, 2018. This appeal arises from the Board of Review's February 6, 2019, Order, which reversed and vacated the decision of the Office of Judges. The Board of Review reinstated the February 17, 2017, Order of the claims administrator, denying the request from Thomas Memorial Hospital.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Williams is a police officer for the City of Charleston. On October 17, 2016, he completed an incident report stating that he had sustained a small laceration on his left elbow while chasing a suspect through a house. He was provided first aid and released to return to work on October 17, 2016, with no modifications to his duty.

Mr. Williams was treated by Kristen Eads, M.D., with Thomas Memorial Hospital Surgical Associates on October 26, 2016, upon a referral from John O. Frame, D.O. Mr. Williams presented

1

with a history consistent with pain in the right groin which he claimed to have experienced for a month. The assessment was reducible right inguinal hernia. The plan for treatment was to schedule robotic right inguinal hernia surgery with possible left repair. Mr. Williams underwent hernia repair surgery on November 2, 2016. After surgery, he missed six weeks of work.

By letter dated November 14, 2016, the claims administrator requested that Mr. Williams complete a Report of Injury form with regard to the October 17, 2016, incident. The letter noted that the form must be completed within six months of the alleged date of injury. Mr. Williams did not submit this form to the claims administrator.

Thomas Memorial Hospital subsequently submitted billing for the cost of the hernia repair. On February 17, 2017, the claims administrator denied the request received from Thomas Memorial Hospital. It was stated that the request was denied because there was information that the condition was pre-existing and not related to the event on October 17, 2016. Mr. Williams protested the claims administrator's decision.

Mr. Williams offered testimony at deposition on January 23, 2018. He testified that he became engaged in a physical altercation with a criminal suspect on October 17, 2016. The following day, he noticed pain in his abdomen. Mr. Williams denied any prior hernia injuries. He testified that he amended his original incident report because of some abdominal pain he was experiencing. He scheduled an appointment with a clinic and was referred, by Dr. Frame, to a specialist at Thomas Memorial Hospital. Following surgery, he was off work for two weeks and on light duty for four weeks. Mr. Williams further testified that he received a letter from the claims administrator asking him to complete a Report of Injury form. He stated that he turned in all of his paper work to a representative of the City of Charleston named Tim Campbell. He testified that this is his only workers' compensation claim, and he thought that he accurately reported the injury to his employer.

On September 6, 2018, the Office of Judges reversed the claims administrator's decision and ordered the claim administrator to authorize payment for billings for his hernia repair from Thomas Memorial Hospital. The Office of Judges found no evidence of a pre-existing right inguinal hernia and concluded that Mr. Williams's surgery related to the compensable event which occurred on October 17, 2016. The Office of Judges found that even though the claims administrator had not received a workers' compensation application form, he had provided evidence that he turned in all of his paperwork to the proper representative of the City of Charleston and that he accurately reported the injury to his employer. Further, the Office of Judges found that the claims administrator did not deny the request for payment on the basis that Mr. Williams had not filed a Report of Injury form, but the claims administrator denied the request for payment on the basis that the hernia was a pre-existing condition.

By Order dated February 6, 2019, the Board of Review reversed the September 6, 2018, decision of the Office of Judges. The Board of Review found the analysis and conclusions of the Office of Judges to be clearly wrong in view of the reliable, probative and substantial evidence on the whole record. The Board of Review reasoned there was no mention of a hernia in the Report of Incident to the City of Charleston on October 17, 2016. It was found that the first medical

evidence of a hernia is in the report from Thomas Memorial Hospital's Surgical Associates on October 26, 2016. In the report, it was noted that Mr. Williams had been referred with a history of pain in the right groin that had been present for one month beginning with an unknown event. Although surgery was recommended, the Board of Review concluded that the evidence does not show a causal connection between the October 17, 2016, incident and Mr. Williams's hernia. The Board of Review found that Mr. Williams failed to establish that his hernia occurred in the course of and resulting from his employment. Based upon the evidence of the record, the Board of Review reversed and vacated the September 6, 2018, Order of the Office of Judges. The claims administrator's Order dated February 17, 2017, denying the request from Thomas Memorial Hospital for payment of billings for a hernia repair, was reinstated.

After review, we agree with the decision of the Board of Review. The initial incident report and treatment records indicate that Mr. Williams sustained a laceration to his left elbow while working, not a hernia. The report of hernia symptoms existing in the weeks prior to the elbow laceration incident and the reporting that Mr. Williams had no known event causing his symptoms support the Board of Review's decision that he failed to establish that the hernia occurred in the course of and resulting from his employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 13, 2020**

**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison